785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
NANCY GARRETT CAROTHERS, Defendant-Appellant.
 85-5054
 United States Court of Appeals, Sixth Circuit.
 1/9/86
 
 BEFORE: ENGEL, KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals her conviction of possession of stolen mail in violation of 18 U.S.C. Sec. 1708. On appeal defendant's arguments address the sufficiency of the evidence, denial of defendant's motion for severance, the grant of acquittal on the conspiracy charge, the proper scope of cross-examination of a government witness, a comment made by the government's attorney during closing argument, jury instructions, and her motion for a new trial based on an allegation of witness-juror contact. For the reasons stated below, we affirm.
 
 I.
 
 2
 In July of 1982 a shipment of food stamps to Marshall County, Tennessee, valued at $5,500.00 was apparently stolen. Similar losses occurred to food stamps mailed in November 1982, and on August 11, 1983.
 
 
 3
 An investigation initiated by the United States Postal Inspection Service after the first loss targeted Lewisburg, Marshall County, Tennessee. Eventually, the investigation focused on the Wilson Drug Shop in Lewisburg. The Wilson Drug Shop, which was owned by Danny Wilson, was not authorized to redeem or accept food stamps. An employee of the store, Coleman, however, reported trafficking of food stamps at the Wilson Drug Shop to government officials.
 
 
 4
 At the request of government investigators Coleman began recording the serial numbers of food stamp books at the Wilson Drug Shop. On February 17, 1984, Coleman recorded a food stamp book with the serial number A44605534G. It was subsequently determined that this book was one of the books stolen from the August 11, 1983, mailing.
 
 
 5
 On September 20, 1984, a thirty-two (32) count indictment was returned against, among others, Steven Lancaster, Danny Wilson, and defendant-appellant Nancy Carothers. It was the government's theory that Lancaster supplied Wilson with the food stamp books and that Wilson, in turn, sold food stamp books to Carothers. Defendant Carothers was tried in the Middle District of Tennessee with co-defendant Lancaster for: Count 1, conspiracy to violate 18 U.S.C. Sec. 1708 and 7 U.S.C. Sec. 2024(b), in violation of 18 U.S.C. Sec. 371; Count 2, unlawful possession of food coupon book number A44605534G in violation of 18 U.S.C. Sec. 1708; and Count 6, acquisition of food coupons of a value in excess of $100.00 in a manner not authorized by law in violation of 7 U.S.C. Sec. 2024(b). At the close of the government's case-in-chief the district court dismissed the conspiracy count of the indictment. The jury acquitted defendant on Count 6 but found defendant guilty on Count 2.
 
 II.
 A. Sufficiency of the Evidence
 
 6
 Defendant's first argument is that there was insufficient evidence to support her conviction for violating 18 U.S.C. Sec. 1708: that is, unlawfully possessing food coupon book A44605534G knowing it to have been stolen from the mails. As stated in United States v. Graves, 736 F.2d 850, 852 (2d Cir. 1984), '[t]o establish a violation of 18 U.S.C. Sec. 1708 . . . the government must prove that the [items] were stolen from the mail and that the defendant possessed or received them knowing that they had been stolen.' Defendant asserts that the evidence was insufficient as to each element of the offense. However, having reviewed the record in the instant case, we disagree and address only what appears to be defendant's major contention. Defendant argues that there was 'no evidence from which any rational trier of fact could have found beyond a reasonable doubt that Ms. Carothers had possessed . . . coupon booklet [number A44605534G].' Brief of Appellant at 10; see also id. at 4-7, 16, 19, 25; Reply Brief of Appellant at 2-3, 9, 10.
 
 
 7
 Coleman's trial testimony relative to Count 2 was, at points, conflicting. However, with regard to transactions occurring subsequent to the discovery of book number A44605534G, on February 17, 1984, Coleman testified as follows:
 
 
 8
 Q. Can you describe what happened on February 17, 1984 as it relates to food stamps?
 
 
 9
 A. Nancy [Carothers] came into the store . . . and she bougth [sic] food stamps that Danny [Wilson] had and she gave him several bills for that.
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 Q. What happened to those food stamp books you recorded on February 17th [which as is clear included A44605534G]?
 
 
 13
 A. Nancy [Carothers] bought those food stamps from Danny [Wilson].
 
 
 14
 App. at 76-78. This testimony, if believed, clearly supports the finding that defendant purchased food stamp book number A44605534G.
 
 B. Pre-Trial Severance
 
 15
 Defendant next argues that her pre-trial motion for severance should have been granted. This argument is made in two parts. First, defendant asserts that the requirements for joinder pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure were not met. As noted above, defendant was indicted for conspiracy.
 
 
 16
 As we stated in United States v. Warner, 690 F.2d 545, 551 (6th Cir. 1982), '[i]t is well-settled that joinder is proper under Rule 8(b) where an indictment charges multiple defendants with participation in a single conspiracy.' Accordingly, defendant's joinder with Lancaster was not improper.
 
 
 17
 Defendant's second argument with regard to pretrial severance is that the joinder was prejudicial and an abuse of discretion under Rule 14. Rule 14 rulings are discretionary and before the district court will be reversed '[t]he defendant must make a showing of compelling prejudice.' Id. at 552. In the instant case, defendant attempts to make this showing by pointing out that much of the evidence at trial was directed toward her co-defendant, Lancaster. This showing, however, is insufficient to meet the compelling prejudice standard.
 
 
 18
 The jury is presumed capable of sorting out the evidence in considering the case of each defendant separately. United States v. Frazier, 584 F.2d 790 (6th Cir. 1978). Defendant contends that this presumption is overcome by the jury's 'failure to perceive the testimony of Mary Coleman which establishes that Nancy Carothers at no time possessed food coupon book number A44605534G'. Reply Brief of Appellant at 9. As noted in section II.A. above, Mary Coleman did testify that defendant possessed the food coupon book in question. Therefore, defendant has not made the requisite showing to overcome the presumption that the jury is capable of sorting out the evidence.
 
 C. Mid-Trial Severance
 
 19
 Defendant argues that '[t]he trial court erred in failing to sever Ms. Carothers' trial from that of co-defendant after co-conspirator statements inadmissible against Ms. Carothers were admitted against the co-defendant.' Brief of Appellant at 17. The procedural facts relevant to this issue are as follows. During its case-in-chief the government presented hearsay statements arguing they were admissible under Rule 801(d)(2)(E) (co-conspirator statements). The statements at issue were admitted subject to later demonstration of their admissibility. At the conclusion of the government's case-in-chief, the district court granted defendant's motion for acquittal as to the conspiracy charge. App. at 121. Defendant did not make a motion for either a mistrial or specific cautionary instructions.
 
 
 20
 In United States v. Vinson, 606 F.2d 149, 153 (6th Cir. 1979), cert. denied, 444 U.S. 1074 (1980), this court stated:
 
 
 21
 If . . . the court finds that the government has failed to carry its burden [of demonstrating the admissibility of co-conspirator statements subsequent to their admission], it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice.
 
 
 22
 Defendant argues that the instant case is controlled by Vinson. However, since there was no motion for a mistrial, but rather a motion for acquittal on the conspiracy charge, it is not. We know of no authority, and defendant has cited no authority, for the proposition that the district court, within the facts presented, had an obligation following acquittal on the conspiracy charge to grant a motion for a mistrial sua sponte. Accordingly, we affirm the district court on this issue.
 
 D. Scope of Cross-Examination
 
 23
 Defendant's next argument is that the trial court erred in limiting the scope of the cross-examination of government witness Danny Wilson. Although we agree that criminal defendants should be allowed a broad range in the scope of cross-examination of important government witnesses, such examination is not without limitation. As a matter of evidentiary law the scope of cross-examination is largely within the discretion of the trial court. A review of the instant case reveals that the district court did not abuse its discretion, and, accordingly, we hold that the district court's ruling was not error.
 
 E. Impermissible Comment
 
 24
 Defendant's next argument is that a portion of the government's closing argument was an impermissible comment upon her failure to testify at trial. It is fundamental, as defendant asserts, that criminal defendants have an absolute right to remain silent, and the government may not comment upon defendant's election to exercise this right. However, having considered the argument complained of, we are of the opinion that the government did not infringe this right in any way. The government's closing argument cannot fairly be said to be a comment on defendant's failure to testify.
 
 III.
 
 25
 Having considered all of the defendant's remaining assignments of error and having found them to be without merit, the judgment of the district court is AFFIRMED.